## Tobias H. Wetzel v. Pierre Meranger.

1. LEASE—*Landlord's Right to Take Possession upon Default in Payment of Rent.*—A landlord has a right, under proper conditions of a lease authorizing such a proceeding, to terminate a lease, take possession of the premises, exclude the tenant therefrom, and to remove his goods, using reasonable care in so doing.

2. REASONABLE CARE — *In Removing Goods—A Question for the Jury.*— In removing a tenant's goods and taking possession of the demised premises it is for the jury to say, under all the evidence, whether, considering the nature of the goods removed, reasonable care for their safety and preservation was exercised by the landlord.

3. EXCESSIVE DAMAGES—*Want of Reasonable Care in Removing a Tenant's Goods.*—Where the goods removed by a landlord in taking possession of leased premises consisted of a small lot of French sausage and meats, head-cheese and various kinds of "*delicatessen*," dishes, furniture, etc., but that for some cause, presumably rain, much of it was rendered valueless during the time it remained outside, a verdict for $350 is excessive.

4. VERDICTS—*When to be Set Aside.*—Sometimes verdicts will be set aside where the trial was not such as the law contemplates, even though technical error has not occurred.

5. ATTORNEYS—*Improper Remarks of.*—Although an objection is sustained to unwarranted remarks of counsel in his closing argument to the jury, and they are withdrawn, their effect had been produced upon the jury and remains with them. Counsel may not thus violate all proper rules to be observed in arguments to the jury and escape the consequences.

Trespass, *quare clausum fregit*, and *de bonis asportatis*. Trial in the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed in case of remittitur, otherwise reversed and remanded. Opinion filed November 7, 1899.

L. A. GILMORE and ROSWELL SHINN, attorneys for appellant.

THEO. PROULX and CYRUS J. WOOD, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The final declaration under which the parties seem to have gone to trial, alleged in one of its counts as a cause of

action the false arrest and imprisonment of the appellee by the appellant, and in another count, trespass *quare clausum fregit* and *de bonis asportatis* was laid.

There were no special pleas filed, but it was stipulated that the defendant might, under his general plea of not guilty, offer any evidence in defense, justification, license or excuse as fully as though the same had been specially pleaded; and it was further stipulated that, prior to the commencement of this suit, the defendant (appellant) swore out a warrant against the plaintiff (appellee), charging the plaintiff with disorderly conduct under a city ordinance, and that such suit was dismissed for want of prosecution.

It is disclosed by the record that at the time of the arrest of the plaintiff upon the warrant referred to, and for a month or more prior thereto, the plaintiff was a tenant of the defendant, under a written lease, of a certain store on South Clark street in Chicago; that because of default in the payment of rent, the parties, on the day prior to the arrest, had a quarrel, in the course of which threats were used by the plaintiff against the defendant, and that because thereof, and of quarrels and fighting between the plaintiff and his wife, on previous occasions, the defendant procured the warrant for plaintiff's arrest to issue on the following day; that during the time the plaintiff was held under arrest by virtue of such warrant, the defendant entered the leased premises and removed the plaintiff's goods to the sidewalk in front of the store, where they remained from about half after ten o'clock in the forenoon until six o'clock in the evening of the same day, and that thereafter the defendant kept possession of the store.

The jury returned a verdict in favor of the plaintiff for three hundred and fifty dollars, upon which judgment was entered.

The evidence under the false imprisonment count effectually defeated the appellee's right to a recovery thereunder, and, indeed, we do not observe any serious claim by appellee in his brief, to the contrary. It is, therefore, only necessary to discuss the other questions in the case.

Wetzel v. Meranger.

While it would seem to be clear that appellant had the lawful right under the terms of the lease, upon default in the payment of rent, to terminate the lease and take possession of the premises, and exclude the appellee therefrom, and to remove his goods with reasonable care, still it was for the jury to say under all the evidence, whether, considering the nature of the goods that were removed, reasonable care for their safety and preservation was exercised by the defendant. The goods removed consisted of a small lot of French sausage and meats, head cheese and various kinds of " delicatessen," dishes, furniture, etc. It was manifestly a perishable stock of goods, and it is not disputed, but that for some cause—probably rain, in part— much of it was rendered valueless during the time it remained on the sidewalk. Whether this was the fault of the appellant, or of appellee, it is not our province to say.

But as to the amount of damages sustained by appellee, the jury most clearly went astray. It is impossible to sustain the verdict in its full amount,

We have carefully examined all that the record contains upon that question, and can see no reasonable basis to believe that the damages suffered by appellee amounted to any near approximation of the amount of the verdict. Probably it was induced in part by the circumstances that appellant removed the goods during the time the appellee was under arrest, and in part by the wholly unwarranted remarks of counsel for appellee in his closing argument to the jury. The bill of exceptions brings before us such remarks, and although the court sustained an objection to them, and they were withdrawn by appellee's counsel, their effect had been produced upon the jury and remained with them. Counsel may not thus violate all proper rules to be observed in arguments to the jury, and escape the consequences.

Sometimes, verdicts will be set aside where the trial was not such as the law, in its broad aspects, contemplates, even though technical error has not occurred. West Chicago St. R. R. Co. v. Johnson, 69 Ill. App. 147.

Our disposition would be to reverse the judgment because, solely, of the remarks of counsel; but, perhaps, considering all the circumstances of the case, a nearer approximation to justice will be attained if we give an opportunity to appellee to remit from the judgment such an amount as seems to us to be clearly excessive.

The order, therefore, is, that if appellee shall, within ten days, file in this court a remittitur of one hundred and fifty dollars from the judgment appealed from, it will be affirmed for the balance at appellee's costs—otherwise the judgment will be reversed and the cause remanded. Affirmed in case of remittitur, otherwise reversed and remanded.